IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY LITTLE and ) | |
| PATRICIA LITTLE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:04-0092 |
| v. ) | Judge Knowles |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's "Motion to Dismiss Loss of Consortium Claim." Docket Entry No. 18. In support of its Motion, Defendant has contemporaneously submitted a Memorandum of Law with an attached Exhibit. Docket Entry No. 19.

Plaintiffs have not filed a response to the pending Motion.

Plaintiffs filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.*, alleging personal and property damage resulting from a January 23, 2002 motor vehicle accident between Plaintiff Jerry Little and a truck-mounted crane owned and operated by the United States Army Corps of Engineers. Docket Entry No. 1. Specifically, Plaintiff Jerry Little argues that Defendant is liable under the theories of "Negligence," "Negligence *per se*," and "Reckless and Wanton Conduct." *Id.* Additionally, Plaintiff Patricia Little, spouse of Plaintiff Jerry Little, avers that, "as a direct and proximate result" of Plaintiff Jerry Little's

1

injuries, she has suffered from loss of consortium that is "more particularly described as loss of companionship, society, affection, solace, comfort, assistance, and sexual relations necessary to sustain a successful marriage." *Id.*

Plaintiffs seek "compensatory damages in the amount of $220,525.00, representing medical bills, pain and suffering, damage to Plaintiff's [*sic*] personal property and damages for loss of consortium." Docket Entry No. 1.

Defendant filed its Answer on December 8, 2004, denying liability and asserting, *inter alia*, the doctrine of comparative fault. Docket Entry No. 3. Defendant also contends that Plaintiff Patricia Little cannot sustain her claim because she has failed to exhaust her administrative remedies pursuant to 28 U.S.C. § 2675, and because her claims are time-barred by 28 U.S.C. § 2401(b). *Id.*

Also on December 8, 2004, Defendant filed a Counterclaim against Plaintiff Jerry Little, asserting liability under the theories of "Negligence" and "Negligence *per se*." *See* Docket Entry No. 3. Defendant seeks recovery of the "costs of repairing and testing" the crane in the amount of $5491.13, as well as an administrative fee of $15, interest (as of November 2, 2004) in the amount of $559.68, and penalties in the amount of $615.56. *Id.*

On February 4, 2005, Plaintiffs filed a Reply to Defendant's Counterclaim, denying liability and asserting the doctrine of comparative fault. Docket Entry No. 8.

On May 23, 2005, upon Consent of the parties (Docket Entry No. 15), Judge Campbell entered an Order transferring this case to the undersigned for all further proceedings, including entry of final judgment (Docket Entry No. 16).

Defendant filed the pending "Motion to Dismiss Loss of Consortium Claim" (Docket

Entry No. 18) and supporting Memorandum of Law with an attached Exhibit (Docket Entry No. 19) on May 25, 2005. Defendant argues that Plaintiff Patricia Little's loss of consortium claim must be dismissed because the FTCA requires that tort claims against the government be administratively exhausted, and Plaintiff Patricia Little has failed to do so. Docket Entry No. 19. Specifically, Defendant argues that the "administrative claim (Standard Form 95) submitted on January 23, 2004 contains only the claim of plaintiff Jerry Little. Nowhere in the document is a separate claim for loss of consortium on the part of Patricia Little mentioned or alluded to."[1] *Id.*

Plaintiffs have not responded to Defendant's Motion.

For the following reasons, Defendant's "Motion to Dismiss Loss of Consortium Claim" (Docket Entry No. 18) will be granted.

As an initial matter, Local Rule 8(b)(3) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

As has been noted, Defendant filed the pending Motion on May 25, 2005. Docket Entry No. 18. Plaintiffs have failed to respond to Defendant's Motion. Accordingly, Defendant's "Motion to Dismiss Loss of Consortium Claim" is unopposed.

Moreover, it is well-settled that the FTCA requires that a plaintiff exhaust his / her administrative remedies prior to filing suit against the government. *See, e.g.,* 28 U.S.C. 2675(a);

---

[1] Defendant has attached to its Memorandum, as Exhibit 1, Plaintiff's "Claim for Damage, Injury, or Death" (Standard Form 95). *See* Docket Entry No. 19, Ex. 1.

3

*Conn v. United States*, 867 F.2d 916, 918 (6th Cir. 1989); *Rogers v. United States*, 675 F.2d 123 (6th Cir. 1982).  The administrative claim (Standard Form 95) submitted on January 23, 2004 reports the "Basis of Claim" as follows:

> On Wednesday, January 23, 2002 at approximately 3:05 p.m., Jerry Little was traveling North on I-65 in Tennessee.  Mr. Little was driving a tractor trailer truck, pulling a mobile home to Columbia, Tennessee.  Mr. Little was in the left, northbound lane of I-65.  Mickel West, operating a 1986 Grove Crane for the U.S. Army Corp of Engineers, was traveling in the right, northbound land on I-65 and pulled into the path of Mr. Little causing his tractor trailer to jack-knife and overturn.  Mr. West is liable for the injuries and damages sustained by Jerry Little in that he failed to keep a proper lookout and entered Mr. Little's lane of travel in violation of the Rules of the Road.

Docket Entry No. 19, Ex. 1.

With respect to "Personal Injury / Wrongful Death," the administrative claim states:

> Mr. Little sustained a tear in his rotator cuff and bulging disc in his back at L4-5.  Initially, Mr. Little was treated conservatively with anti-inflammatory medications, followed by Cortisone injections.  After an MRI of the back and shoulder, he underwent surgery to repair his rotator cuff.

*Id.*

The "Claim for Damage, Injury, or Death" (Standard Form 95) submitted on January 23, 2004 by Plaintiff Jerry Little does not mention Plaintiff Patricia Little, nor does it mention any loss of consortium.  As such, Plaintiffs did not administratively assert a loss of consortium claim, and they are barred from doing so now.

Accordingly, Defendant's "Motion to Dismiss Loss of Consortium Claim" (Docket Entry No. 18) will be granted.

An appropriate Order will be entered.

4

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

5